IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | |
| v. : | |
| : | **CASE NO:** |
| : | **7:22-cr-57-WLS-TQL** |
| **FERNANDEZUS LEON WEBB,** : | |
| : | |
| Defendant. : | |
| _____ : | |

## **ORDER**

Before the Court is *pro se* Defendant's Motion for Leave to File Out of Time Appeal (Doc. 43) ("Motion for Extension"). Therein, Defendant requests an extension of time in which to file a Notice of Appeal.

On April 14, 2023, Defendant entered into a Plea Agreement (Doc. 30) in which he pled guilty to the charge of Possession of a Firearm by a Convicted Felon, in violation of Title 18, United States Code, Sections 922(g)(I) and 924(a)(2). Defendant's Plea Agreement included a waiver of his rights to appeal or to collaterally attack his conviction and sentence, except he retained the right to bring a claim of ineffective assistance of counsel. On August 2, 2023, Defendant was sentenced to a term of 92 months imprisonment to be followed by a term of 3 years of supervised release and the Judgment was entered on August 4, 2023. (*See* Judgment Doc. 41). The term of imprisonment was at the lowest end of the Guideline Range of 92 to 115 months. (*See* Statement of Reasons Doc. 42 at 1). A review of the docket entries reflects that prior to leaving the courtroom after the sentencing hearing, the Courtroom Deputy provided Defendant and his counsel with an Appeal Information Package. (*See* Doc. 40).

Defendant now states that at the August 2, 2023 hearing, he directed his counsel to file a notice of appeal on Defendant's behalf. Defendant further asserts that counsel verbally assured Defendant that counsel would file a timely notice of appeal. Defendant asserts that since the date of his sentencing hearing, Defendant and his family have made multiple unsuccessful attempts through phone calls, letters, and emails, to contact his counsel. Defendant further asserts that on July 27, 2024, "the Defendant made contact through a 3rd

party with the Clerk of Courts [sic] for the Middle District of Georgia, and was informed, for the first time that no notice of appeal had been filed as promised by counsel." (Doc. 43 at 1). Defendant attached an affidavit to his Motion for Extension. However, neither the Motion for Extension nor the affidavit are signed by Defendant.

In a criminal case, Federal Rule of Appellate Procedure 4(b) requires that Defendant's appeal should have been filed within fourteen days after the entry of the Judgment (Doc. 41)—which was entered on August 4, 2023. *See* Fed. R. App. P. 4(b)(1)(A). Rule 4(b) further provides that "[u]pon a finding of excusable neglect or good cause, the district court may—before or after the time has expired, with or without motion and notice—extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)." Fed R. App. P. 4(b)(4).

Thus, under the Appellate Rules, Defendant's fourteen-day period for filing a notice of appeal expired on August 18, 2023, and the thirty-day period for extending the time to file a notice of appeal expired on Monday, September 18, 2023. Over a year after entry of the Judgment, and eleven months after the period within which this Court is authorized to grant an extension, Defendant filed his Motion for Extension. At this late date, this Court, "even upon a finding of excusable neglect or good cause, [is] not permitted to grant [Defendant's] untimely motion." *United States v. Lopez*, 562 F.3d 1309, 1314 (11th Cir. 2009) (under Appellate Rule 4(b)(4), the district court is not authorized to extend the time for filing a notice of appeal beyond thirty days from the original deadline for filing such notice).

Accordingly, the Defendant's Motion for Leave to File Out of Time Appeal (Doc. 43) is **DENIED**.

**SO ORDERED**, this 20th day of August 2024.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

2